UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ROBERT GRIFFIN, | ) | 1:11-cv-01296-JLT-HC |
| Petitioner, | ) ) ) | ORDER GRANTING PETITIONER'S MOTION FOR STAY  (Doc. 2) |
| v. | ) ) | ORDER FOR PETITIONER TO FILE STATUS REPORTS |
| JAMES YATES, | ) ) | |
| Respondents. | ) ) | ORDER DIRECTING CLERK OF COURT TO ADMINISTRATIVELY CLOSE CASE |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**PROCEDURAL HISTORY**

On August 5, 2011, Petitioner filed the instant petition for writ of habeas corpus in the United States District Court for the Eastern District of California.  (Doc. 1).  The petition contained the following two grounds for relief: (1) The trial court violated Petitioner's constitutional rights by misinstructing the jury that it could consider evidence of facts constituting the charged offense to prove propensity to commit the charged crimes; (2) ineffective assistance of appellate counsel in raising only one issue on appeal and excluding issues that Petitioner wished to appeal; and (3) the evidence was insufficient to show that Petitioner qualified for a "one strike" sentence under California law.  (Doc. 1, pp. 5-9).   The petition alleges that, although ground one is exhausted, grounds two and three were never presented to the California Supreme Court.  (Doc. 1, pp. 7-9).

Also on August 5, 2011, Petitioner filed a motion to stay the instant habeas proceedings. (Doc. 2). In that motion, Petitioner indicated that he intends to file a habeas petition in the California Supreme Court in an effort to exhaust grounds two and three in the instant petition and also to exhaust two additional grounds not presently contained in the instant petition, i.e., (1) wrongful denial of Petitioner's motion to discharge his attorney, and (2) an illegal sentence to the upper term without findings supported by a jury. (Doc. 2, pp. 2-3).

## DISCUSSION

Traditionally, a district court has had the discretion to stay a petition which it may validly consider on the merits. Calderon v. United States Dist. Court (Taylor), 134 F.3d 981, 987-988 (9th Cir. 1998); Greenawalt v. Stewar7, 105 F.3d 1268, 1274 (9th Cir.), *cert. denied*, 519 U.S. 1002 (1997). However, the Ninth Circuit has held that Taylor in no way granted "district courts carte blanche to stay even fully exhausted habeas petitions." Taylor, 134 F.3d at 988 n. 11. Granting a stay is appropriate where there is no intention on the part of the Petitioner to delay or harass and in order to avoid piecemeal litigation. Id. In addition, the Ninth Circuit has indicated that it is proper for a district court, in its discretion, to hold a petition containing only exhausted claims in abeyance in order to permit the petitioner to return to state court to exhaust his state remedies. Kelly v. Small, 315 F.3d 1063, 1070 (9th Cir. 2004); Ford v. Hubbard, 305 F.3d 875, 882-883 (9th Cir. 2002); James v. Pliler, 269 F.3d 1124, 1126-1127 (9th Cir. 2002); Taylor, 134 F.3d 981.

Notwithstanding the foregoing, until recently, federal case law continued to require that the Court dismiss "mixed" petitions containing both exhausted and unexhausted claims. Rose v. Lundy, 455 U.S. 509 (1982). However, on March 30, 2005, the United States Supreme Court decided Rhines v. Weber, 125 S.Ct. 1528. Recognizing that "[a]s a result of the interplay between AEDPA's 1-year statute of limitations[1] and Lundy's dismissal requirement, petitioners who come to federal court with 'mixed' petitions run the risk of forever losing their opportunity for any federal review of their unexhausted claims," the Supreme Court held that federal courts may now issue "stay and abey" orders under appropriate circumstances to permit petitioners to exhaust unexhausted

---

[1] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA), 28 U.S.C. § 1244(d).

**2**

claims before proceeding with their federal petitions.  <u>Rhines</u>, 125 S.Ct. at 1533-1534.

In so holding, the Supreme Court noted that, while the procedure should be "available only in limited circumstances," it "likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics."  <u>Rhines</u>, 125 S.Ct. at 1535.  When a petitioner has met these requirements, his interest in obtaining federal review of his claims outweighs the competing interests in finality and speedy resolution of federal petitions.  <u>Id</u>.

Here, Petitioner has timely filed a federal habeas petition containing one exhausted claim and two unexhausted claims.  By accessing the California courts' electronic database, the Court has determined that Petitioner filed a petition for writ of habeas corpus in the California Supreme Court on August 26, 2011, in case no. S196015.  That matter appears to be pending at this time.  Although the Court cannot determine from the electronic database precisely what claims are raised in that petition, the Court, for purposes of this motion, is prepared to take as true Petitioner's allegation that he has raised all four issues in his state habeas petition that he refers to in his motion for stay of proceedings.

Therefore, it appears to the Court that Petitioner is attempting to exhaust his claims in a timely and expeditious manner; there is no indication that, in seeking this stay and abeyance, Petitioner intends to harass or delay the proceedings, nor does it appear that Petitioner is engaging in dilatory conduct.  From the foregoing, it appears that good cause existed for Petitioner's failure to exhaust all claims prior to filing the instant petition, that Petitioner is proceeding in good faith, that no prejudice would inure to the parties by granting the requested stay, and that an outright dismissal of the instant "mixed" petition might well jeopardize Petitioner's access to this Court because of AEDPA's one-year statute of limitations.

Therefore, the Court will grant Petitioner's motion for a stay of the proceedings and will hold the petition for writ of habeas corpus in abeyance pending exhaustion of Petitioner's state remedies in Case No. S196015.

1  However, the Court will not indefinitely hold the petition in abeyance. See Taylor, 134 F.3d at 988 n. 11. No later than **thirty (30) days** after the date of service of this Order, Petitioner must inform the Court of the status of the habeas proceedings in state court, including the date or dates of all habeas corpus cases filed in state court, the case numbers, and any outcomes.[2] Further, Petitioner must proceed diligently to pursue his state court remedies, and **every sixty (60) days** after the filing of the initial status report Petitioner must file a *new* status report regarding the status of his state court habeas corpus proceedings. Following final action by the state courts, Petitioner will be allowed **thirty (30) days** within which to notify the Court that all of his claims are exhausted and to provide the Court with documentation to that effect, including a copy of the decision of the California Supreme Court in case no. S196015. Failure to comply with these instructions and time allowances will result in this Court vacating the stay *nunc pro tunc* to the date of this order. Kelly, 315 F.3d at 1071.

**ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Petitioner's motion to stay the instant proceedings on his habeas petition (Doc. 2), is GRANTED;

2. Proceedings on the instant petition are STAYED pending exhaustion of Petitioner's state remedies in Case No. S196015;

3. Petitioner is DIRECTED to file a status report within thirty (30) days of the date of service of this order, advising the Court of the status of all pending habeas proceedings filed in state court, the dates when such cases were filed, the issues raised, and any outcomes;

4. Petitioner is DIRECTED to file a new status report every sixty (60) days after the filing of the initial status report;

5. Petitioner is GRANTED thirty (30) days following the final order of the state courts within which to notify the Court that all of his claims are fully exhausted and to provide the

---

[2] The filing should be entitled "Status Report."

Court with documentation to substantiate that all of his claims are exhausted;

6.  The Clerk of the Court is DIRECTED to ADMINISTRATIVELY CLOSE the case.  The Court will notify the Clerk of the Court to administratively re-open the case when and if the stay is lifted.

IT IS SO ORDERED.

Dated:   **September 8, 2011**                                                          **/s/ Jennifer L. Thurston**
                                                                                                    UNITED STATES MAGISTRATE JUDGE